IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAROUSH EBRAHIMI,

    Plaintiff,

v.

JOHN BALDWIN, JACQUELINE
LASHBROOK, ANGELA CRAIN,
MOHAMMED SIDDIQUI, and
WEXFORD HEALTH SOURCES, INC.,

    Defendants.

Case No. 3:18-CV-1350-NJR-MAB

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Objection filed by Plaintiff Daroush Ebrahimi to an Order by Magistrate Judge Mark A. Beatty denying Ebrahimi's request for a new court-appointed attorney. For the reasons set forth below, the objection is overruled.

On November 21, 2018, Ebrahimi, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center, filed a motion to appoint counsel and to appoint an interpreter (Doc. 42). In his motion, Ebrahimi states that he is of Iranian descent and speaks no "comprehensible English." (*Id.*). He likewise claims he does not understand what is being said or what is going on in his case (*Id.*). Instead, Ebrahimi was relying on the law library clerk, a "jailhouse lawyer," to write his motions (*Id.*). Ebrahimi also asserts that he contacted six attorneys for representation, but none would take his case (*Id.*). Accordingly, Magistrate Judge Stephen C. Williams appointed attorney Christopher Hantla to represent Ebrahimi (Doc. 43). The case

subsequently was reassigned to Magistrate Judge Beatty (Doc. 56).

In January 2019, Defendants Mohammed Siddiqui and Wexford Health Sources, Inc., filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 51). Defendants John Baldwin, Angela Crain, and Jacqueline Lashbrook also filed a motion for summary judgment on the issue of exhaustion in February 2019 (Doc. 66). On May 3, 2019, Ebrahimi, through appointed counsel, filed a motion to voluntarily dismiss the amended complaint without prejudice (Doc. 75). The motion stated that Defendants' motions for summary judgment possessed some merit and, therefore, Ebrahimi was choosing to voluntarily dismiss the amended complaint in order to address issues with the grievance process (*Id.*).

On May 6, 2019, Ebrahimi filed a *pro se* objection to the motion to dismiss, noting there was no interpreters present for his conversation with Mr. Hantla regarding Defendants' motions for summary judgment (Doc. 78). It was only after he returned to his cell house that he discussed the matter with other inmates and learned what he "incorrectly agreed to." (*Id.*) Ebrahimi indicated he no longer wished to dismiss his case (*Id.*).

In response, Mr. Hantla stated that Ebrahimi never requested an interpreter and it appeared to him that Ebrahimi understood the contents of their conversation (Doc. 79). In any event, Mr. Hantla believed the arguments Ebrahimi wanted him to make in opposition to summary judgment were "untruthful and unethical." For those reasons, further representation would be impossible. (*Id.*).

Ebrahimi also filed a *pro se* motion requesting Mr. Hantla's withdrawal, outlining

strategies that Mr. Hantla could have pursued on his behalf (Doc. 81). Namely, Ebrahimi suggested counsel could have: requested a stay of proceedings to allow for exhaustion; argued that Ebrahimi made reasonable attempts to exhaust but that his grievances and inquiries were ignored; argued that Ebrahimi need not take steps to further exhaust once he has received an available remedy or been informed by prison officials that no remedies are available; or argued that Defendants need not be specifically named in grievances in order to sufficiently exhaust administrative remedies.

Judge Beatty held a hearing on the matter on June 18, 2019, with the assistance of a Persian interpreter. Judge Beatty granted Mr. Hantla's motion to withdraw, noting that Ebrahimi had developed a legal strategy in discussions with jailhouse lawyers that he believed should be pursued over the advice of his court-appointed lawyer (Docs. 93, 94). Judge Beatty also denied without prejudice Ebrahimi's request for a new court-appointed attorney, stating that the Court "cannot and does not expect another attorney to make the arguments . . . Mr. Hantla has already determined to be 'untruthful and unethical'; Ebrahimi will have to do it on his own." (Doc. 94). Judge Beatty also found Ebrahimi's filings to be cogently written in English and to demonstrate an understanding of the issues presented by Defendants in their motion for summary judgment. Accordingly, Judge Beatty directed Ebrahimi to file his *pro se* response in opposition to Defendants' motion by August 2, 2019 (*Id.*).

Ebrahimi objects to this portion of Judge Beatty's order, arguing that the language barrier between himself and Mr. Hantla made it impossible for the two to come to an understanding (Doc. 95). Ebrahimi explains that while he agreed there is a problem with

IDOC's grievance process *generally*, he does not believe there are any problems with the exhaustion of his specific grievances. Moreover, while Mr. Hantla claimed the arguments Ebrahimi wanted him to make were "untruthful and unethical," he never explained what those arguments were. Finally, while Ebrahimi's filings have been clearly written to date, he explains that is only thanks to a jailhouse lawyer who has been helping out of kindness, as Ebrahimi cannot afford to pay him. Ebrahimi asks that the undersigned reverse Judge Beatty's ruling and assign him new counsel.

Under Rule 72(a), the District Court must consider timely objections and modify or set aside any part of the Magistrate Judge's order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *see also* SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Although there is is no constitutional or statutory right to counsel in federal civil cases, the Court has discretion to recruit counsel to represent indigent litigants in appropriate circumstances. 28 U.S.C. § 1915(e)(1); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Two questions guide a court's discretionary decision whether to recruit counsel: (1) "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so," and (2) "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).

Because there is no dispute that Ebrahimi made a reasonable attempt to obtain

counsel for himself but was unable to do so, the Court focuses on the second prong of the test, *i.e.*, whether Ebrahimi appears competent to litigate the case himself given the complexity of the case.

While there are no "fixed requirements" for determining a litigant's ability to handle the case on his own, the Seventh Circuit has directed district courts to consider the party's "literacy, communication skills, education level, and litigation experience as well as any available evidence of his intellectual capacity and psychological history" as those factors relate to litigation of the case. *Walker v. Price*, 900 F.3d 933, 940 (7th Cir. 2018) (quotations omitted).

Based on these factors, the Court finds no clear error in Judge Beatty's order. Although Ebrahimi claims to speak little to no English, his grievances in the record demonstrate at least a rudimentary understanding of the language and a basic ability to write for himself. He also has the assistance of the law library clerk, who has been acting as a jailhouse lawyer and helping Ebrahimi prepare his filings so far. Furthermore, Judge Beatty refused to appoint new counsel because Mr. Hantla stated that Ebrahimi wanted him to make "untruthful and unethical" arguments. The Court will not waste resources by appointing counsel to make arguments that another attorney has determined to be frivolous. At this point the only issue before the Court is whether Ebrahimi exhausted his administrative remedies before filing suit. The relevant grievances are in the record, and Ebrahimi can make his arguments as to why his claims have been exhausted at an evidentiary hearing with the assistance of an interpreter.

For these reasons, the objection filed by Plaintiff Daroush Ebrahimi (Doc. 95) is

**OVERRULED**, and his newest Motion for Recruitment of Counsel (Doc. 96) is **DENIED without prejudice**. The Court gives Ebrahimi an additional week, however, until **August 9, 2019**, to file his response in opposition to Defendants' motions for summary judgment.

Finally, although the low complexity of the case does not require appointment of counsel at this stage of the litigation, the Court acknowledges that Ebrahimi is not fluent in English. Accordingly, the undersigned **DIRECTS** Judge Beatty to hold a hearing on Defendants' motions for summary judgment and to arrange for a Persian interpreter to assist Ebrahimi at the hearing. The Court will remain open to appointing counsel at a later time if the complexity of the issues warrants it.

**IT IS SO ORDERED.**

DATED: July 19, 2019

*[Signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**