IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAROUSH EBRAHIMI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN BALDWIN, JACQUELINE LASHBROOK, ANGELA CRAIN, and WEXFORD HEALTH SOURCES, INC.,<br><br>　　　　Defendants. | Case No. 3:18-CV-1350-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Joint Motion to Compel and for an Extension of Time filed by Defendants John Baldwin, Jacqueline Lashbrook, Angela Crain, Mohammed Siddiqui, M.D., and Wexford Health Sources, Inc. (Doc. 132). Defendants ask the Court for permission to continue the deposition of Plaintiff Daroush Ebrahimi for an additional three hours. Ebrahimi opposes the motion. (Doc. 134).

According to their motion, Defendants conducted Ebrahimi's deposition on June 25, 2021. Ebrahimi, an inmate at Menard Correctional Center, requires the use of a Farsi interpreter. While the deposition began at 9 a.m., Ebrahimi could not understand the dialect of the first interpreter. A second interpreter appeared at 9:36 a.m., but was only available until 11 a.m. A third interpreter appeared shortly thereafter, but was disconnected at 1:05 p.m. and could not be reconnected until 1:25 p.m. Finally, at 5:30 p.m., the interpreter was disconnected and, because it was after normal business hours,

the parties could not contact the interpreting company. At that point, Ebrahimi had been available for eight and a half hours, and the parties had been on the record for six hours and thirty-two minutes. Defense counsel requested to continue the deposition, but counsel for Ebrahimi objected to the request.

Defendants argue they should be permitted an additional three hours to depose Ebrahimi because the technical difficulties with the interpreters delayed the examination. Additionally, the need for an interpreter resulted in much less time for counsel to question the witness. Finally, counsel had to repeat their questions several times, as Ebrahimi refused to provide responsive answers to many questions. Defendants note that counsel for the Wexford Defendants had over thirty minutes of questions left, and counsel for both the IDOC Defendants and Wexford likely would have had follow-up questions.

In response, Ebrahimi argues that Defendants knew of his need for an interpreter, but did not request additional time in advance or confer in good faith with counsel for Ebrahimi about requesting more time than allowed under the Federal Rules of Civil Procedure. Ebrahimi asserts this was a foreseeable situation that should have been raised prior to the deposition. Furthermore, Ebrahimi asserts Defendants were unaware of how to reach their interpretation service provider, leading to delays during the deposition. Ebrahimi disputes that he caused any delay by his responses and contends that defense counsel's questions were often compound and confusing, making them difficult to translate and answer.

Under Rule 30(d)(1), unless otherwise stipulated or ordered by the court, a

deposition is limited to one day of seven hours. FED. R. CIV. P. 30(d)(1). However, the court must allow additional time if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. *Id.* The Advisory Committee Notes provide several factors that a court might consider when determining whether an extension is appropriate. FED. R. CIV. P. 30, Advisory Committee Note. These factors include, but are not limited to: whether an interpreter is required; whether the examination will cover events occurring over a long period of time; whether the witness will be questioned about numerous or lengthy documents and whether the witness was provided with copies in advance; and whether multiple parties are examining the witness. *Id.* The purpose of the rule allowing additional time is to ensure a fair examination of the deponent. *Id.*

Here, it is true that an interpreter was required to facilitate the deposition. Yet, as noted by Ebrahimi, Defendants were aware of the need for an interpreter. If they anticipated needing additional time solely because an interpreter would be involved, they could and should have raised that issue with the Court prior to the deposition. This is especially true considering that Ebrahimi's counsel traveled a total of 12 hours to attend the deposition and that it took months to schedule and hold the deposition due to COVID-19. Continuing the deposition would require additional travel time and costs, and there is no guarantee the deposition could be held anytime in the near future, thereby further delaying this three-year-old case.

It also appears that at least some of the delays were caused by or contributed to by Defendants. Ebrahimi states that Defendants initially were unaware of how to reach the

interpretation service provider. Defendants also failed to provide Ebrahimi's counsel and the interpreter with documents and medical records for review during the deposition. Defense counsel are seasoned attorneys who should have known the limits of the videoconferencing equipment at Menard Correctional Center. Finally, while there are two sets of Defendants, much of the questioning about Ebrahimi's medical records likely overlapped. And counsel for the IDOC Defendants had already ended her examination about two hours and forty-five minutes hours before the deposition concluded.

Because Ebrahimi was available for a total of eight and a half hours, the Court finds that Defendants had the opportunity to fairly examine him. Accordingly, Defendants' Joint Motion to Compel and for an Extension of Time (Doc. 132) is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 14, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**